IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 13–20–GF–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JOYCE TATSEY SPOONHUNTER, | |
| Defendant. | |

Defendant Joyce Spoonhunter moves for judgment of acquittal pursuant to Rule 29(c), arguing the government failed to prove the requisite intent for the three counts of wire fraud of which she is convicted. Defendant's motion will be denied because sufficient evidence exists to support Defendant's conviction.

**I. Background**

Defendant was convicted by a jury of three counts of wire fraud in violation of 18 U.S.C. § 1343 for mishandling money in connection with the 2011 North American Indian Days pow wow on the Blackfeet Indian Reservation. The Court previously denied Defendant's Rule 29 motion both at the close of the government's case and at the close of evidence. Defendant filed this motion on

1

June 14, 2013, and the government responded in opposition.

**II. Discussion**

Rule 29(c) permits a defendant to move for a post-trial judgment of acquittal. Fed. R. Civ. P. 29(c). The motion is viewed in a light most favorable to the government and must be denied if "a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006).

Defendant attacks only one issue in challenging her conviction: whether the government proved that she acted with intent to defraud the vendors with whom she worked in connection with North American Indian Days. Defendant argues no evidence was presented at trial to prove that she contemplated harm to her victims, or that her actions were done in bad faith.

Though circumstantial, the evidence presented at trial regarding intent was sufficient to support Defendant's conviction. The Court instructed the jury on the elements of wire fraud, including that "the defendant acted with the intent to defraud; that is, the intent to deceive or cheat." (Doc. 36 at 17.) The evidence showed Defendant accepted money or items of value from potential vendors, kept the money without notifying or turning it in to the Finance Office, and only turned the majority of the money in to the Finance Office after she became aware that she

was being investigated. There was evidence upon which the jury could have determined that Defendant retained a portion of the money she received from vendors Mary Yang, Lee Vang, and Lance Benson. The jury also could reasonably have found that Defendant never returned Indian regalia she received from Eric Saltzman to reserve a vendor spot, and attempted to cover up her dealings with him during the North American Indian Days. Evidence regarding Chris English showed Defendant charged English more than the going rate per vendor booth, and only paid him back when she became aware of the FBI investigation into her actions. Finally, Lolita Laststar testified that when she asked Defendant about being indicted for wire fraud, Defendant responded that the amount was not much, only $1,200.00. These facts provided sufficient evidence for the jury to find that Defendant acted with the intent to defraud her victims.

The fact that Defendant eventually turned in most of the money does not change this analysis. "[T]he intended deprivation under § 1343 need not be a permanent 'taking away' of money or property. One can intentionally 'deprive' another of property while at the same time intending to restore it at a later date." *United States v. Treadwell*, 593 F.3d 990, 996 (9th Cir. 2010). As the government points out, Defendant's actions in returning the money months after she received it could have appeared to the jury as an attempt to cover up wrongdoing in the face

3

of an investigation.

In sum, there was sufficient evidence presented at trial upon which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt on the issue of intent to defraud. The Court declines to disturb the jury verdict in this case and Defendant's motion will be denied.

Accordingly, IT IS ORDERED that Defendant's motion for judgment of acquittal (doc. 43) is DENIED.

Dated this 19th day of August, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court